IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OLEKSII TIUTIUNNYK,

       Petitioner,

v.                                        No. 2:26-cv-00594-KG-GJF

PAMELA BONDI, et al.,

       Respondents.

## MEMORANDUM ORDER AND OPINION

This matter is before the Court on Petitioner Oleksii Tiutiunnyk's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. 1, and Respondents' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), Doc. 6.  For the reasons below, the Court grants Respondents' motion and dismisses the petition without prejudice.

### I.     Background

Petitioner arrived in the United States from Ukraine on April 15, 2023.  Doc. 6 at 2.  The Department of Homeland Security ("DHS") arrested Petitioner at a checkpoint in New Mexico on August 30, 2025.  *Id*.  On November 25, 2025, after a hearing, an immigration judge ordered Petitioner's removal.  *Id*.  The order became administratively final on December 26, 2025, when the deadline for Petitioner to appeal the removal order expired.  Doc. 6 at 2.  Petitioner is currently detained at the Otero County Processing Center in Chaparral, New Mexico, pending removal proceedings.  *Id*.

Petitioner appears to challenge his arrest and continued detention as unlawful.  Doc. 1.  Respondents argue that Petitioner's detention pending removal is constitutionally permissible under *Zadvydas v. Davis*, 533 U.S. 678 (2011), and that Petitioner has failed to state a claim upon which relief may be granted.  Doc. 6 at 1.

### II.     Standard of Review

A habeas petition seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas*, 533 U.S. at 687.

In analyzing a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the" petitioner.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  A habeas petition withstands dismissal only if it alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (noting that a 28 U.S.C. § 2241 petition may "be dismissed...under Rule 12(b)(6)").

### III.    *Analysis*

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  The "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).  An order of removal becomes administratively final upon either (1) "a determination by the Board of Immigration Appeals affirming such order," or (2) "the expiration of the period" in which the noncitizen may appeal the order.  8 U.S.C. § 1101(a)(47)(B); *see also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281

2

F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* "could not have begun until [the petitioner] was detained by ICE").  After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 US. at 701.

Here, the presumptively reasonable period has not yet elapsed.  The removal period began on December 26, 2025, when the deadline for Petitioner to file an appeal expired.  *See* § 1231(a)(1)(B)(i).  Petitioner's approximately three-month confinement remains well within the six-month presumptively reasonable period under *Zadvydas*.  Because Petitioner's detention remains within the presumptively reasonable period, we decline to address Respondents' contention that Petitioner fails to state a claim upon which relief may be granted.  Doc. 6 at 2.  *See United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 60–61 (E.D. Va. 2016) (noting that "it is regular and proper to leave alternative arguments unresolved after a court finds a dispositive basis for resolving an issue" even if jurisdictional deficiencies may exist).  Thus, the Court denies the petition and grants Respondents' motion to dismiss.

## III.    Conclusion

The Court grants Respondents' motion to dismiss and dismisses the petition without prejudice.  Petitioner may refile his petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

3